UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CINDY SPONAUGLE<br>7934 Neida Drive<br>West Chester, Ohio 45069,<br><br>Plaintiff,<br><br>v.<br><br>MEADOWBROOK HEALTHCARE LLC<br>aka MEADOWBROOK CARE CENTER<br>aka CCH HEALTHCARE LLC<br>8211 Weller Road<br>Cincinnati, Ohio 45242,<br><br>Defendant. | : : : : : : : : : : : : : : : : | CASE NO.<br><br>Judge<br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiff Cindy Sponaugle ("Plaintiff") states for her Complaint:

## I. JURISDICTION AND VENUE

1. Defendant Meadowbrook Healthcare LLC aka Meadowbrook Care Center aka CCH Healthcare LLC ("Defendant") employed Plaintiff.

2. Defendant has been at all material times an employer within the meaning of the Americans With Disabilities Amendments Act ("ADAA"), the Family Medical Leave Act ("FMLA") and Ohio Revised Code Section 4112.01(A)(2).

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 because it arises under federal law, specifically the ADAA and the FMLA.

4. This Court has jurisdiction of the state law claims alleged herein pursuant to 28 U.S.C. §1367.

5. Defendant does business in Hamilton County, Ohio.

6. Defendant employed Plaintiff in Hamilton County, Ohio.

7. The claims alleged herein arose in Hamilton County, Ohio.

## II. FACTUAL ALLEGATIONS

8. Meadowbrook Care Center is a Cincinnati area residential skilled nursing facility that provides short term rehabilitation, long term care and respite services for elderly or otherwise incapacitated individuals.

9. Plaintiff was hired in 2017 at the Meadowbrook Care Center.

10. Since at least October 1, 2020, Defendant operated Meadowbrook Care Center while Plaintiff was still employed there and at the time of her termination.

11. While Plaintiff was still employed by Defendant at Meadowbrook Care Center, she was approved for FMLA leave beginning October 20, 2020, with an estimated return to work date of January 12, 2021.

12. Plaintiff had while employed at least one "disability" within the meaning of the ADAA and Section 4112.01(A)(13) of the Ohio Revised Code and at least one "serious health condition" within the meaning of the FMLA. Specifically, Plaintiff had at least one physical impairment that substantially limited at least one of her major life activities and/or she had a record of such an impairment and/or she was regarded as having such an impairment.

13. For example, while employed by Defendant, Plaintiff suffered from advanced osteoarthritis of both her left and right knees.

14. This condition was so severe and debilitating it necessitated the replacement of both of Plaintiff's knees, the left on September 1, 2020, the right on October 20, 2020.

15. Plaintiff's treating physician was Jacob Gunzenhaeuser, M.D. of the Orthopaedics & Sports Medicine Department of the Christ Hospital.

16. Judy McConnell was at all material times Defendant's Human Resources Coordinator.

17. Plaintiff provided to Ms. McConnell considerable information and documentation from Dr. Gunzenhaeuser proving the existence of her "disability" and requesting as a reasonable accommodation that she be allowed time off to recover from the treatment for it.

18. As required by the ADAA and corresponding Ohio law, Defendant initially granted this reasonable accommodation.

19. Specifically, Defendant excused Plaintiff's time off under the FMLA.

20. Plaintiff kept Defendant, and particularly Ms. McConnell, fully apprised of the treatment for her advanced osteoarthritis and double knee replacement and the need to be off work to recover therefrom and also of her request to return to work upon the end of her last period of incapacity, January 12, 2021.

21. Despite being aware of Plaintiff's estimated January 12, 2021 return to work date, Ms. McConnell proceeded by letter to terminate Plaintiff's employment on December 22, 2020, effective December 29, 2020, because she (Plaintiff) "exceeded your FMLA for 2020."

22. Defendant refused Plaintiff's request for a reasonable accommodation, specifically to extend her time off work to January 12, 2021, but instead terminated her employment.

23. Extending Plaintiff's time off by fourteen (14) days, from December 29, 2020 to January 12, 2021, would be a reasonable accommodation.

24. Defendant discriminated against Plaintiff and terminated her employment because of "disability".

25. Defendant failed to make a reasonable accommodation to known limitations related to Plaintiff's "disability."

26. Defendant discriminated against Plaintiff, denied her employment opportunities, and terminated her employment because of the need to make reasonable accommodation to the impairments related to her "disability".

27. Defendant discriminated against Plaintiff and terminated her employment for taking FMLA leave.

28. Plaintiff's taking FMLA leave was a determining factor in the decision to terminate her employment.

29. On or about April 29, 2021, Plaintiff filed with the Ohio Civil Rights Commission ("OCRC") a Charge of Discrimination alleging "disability" discrimination.

30. The OCRC assigned to Plaintiff's Charge of Discrimination the number DAYB6(29471)05052021.

31. At or about the time of the filing with the OCRC of Plaintiff's Charge of Discrimination that Charge of Discrimination was also filed with the United States Equal Employment Opportunity Commission ("EEOC").

32. The EEOC assigned to Plaintiff's Charge of Discrimination the number 22A-2021-02188.

33. On or about December 16, 2021, the OCRC issued with respect to Plaintiff's Charge of Discrimination a Notice of Right to Sue providing Plaintiff could file a civil action against Defendant alleging a violation of Ohio Revised Code Section 4112 within two years after the date of the alleged discriminatory practice.

34. On or about January 12, 2022, the EEOC issued with respect to Plaintiff's Charge of Discrimination a Dismissal and Notice of Rights/Notice of Suit Rights (commonly referred to as a "Notice of Right to Sue") providing Plaintiff could file a lawsuit alleging "disability discrimination" within 90 days of her receipt of the notice.

35. Plaintiff received the EEOC's Notice of Right to Sue on January 19, 2022.

36. All conditions precedent to the maintenance of this action have been satisfied or have occurred.

37. The discrimination and wrongful conduct alleged herein was willful, wanton and malicious and was done in gross and reckless disregard of Plaintiff's legal and employment rights.

38. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer loss of pay and benefits, mental and emotional anguish and distress, humiliation and embarrassment.

## COUNT I
## (ADAA)
## (Disability Discrimination)

39. Plaintiff realleges paragraphs 1 through 38 of this Complaint.

40. By discriminating against Plaintiff and terminating her employment because of "disability", Defendant violated the ADAA.

## COUNT II
## (ADAA)
## (Failure To Accommodate)

41. Plaintiff realleges paragraphs 1 through 40 of this Complaint.

42. By failing to reasonably accommodate Plaintiff and to engage in the interactive process required by the ADAA, Defendant violated the ADAA.

## COUNT III
## (ADAA)
## (Need To Accommodate)

43. Plaintiff realleges paragraphs 1 through 42 of this Complaint.

44. By discriminating against Plaintiff, denying her employment opportunities and terminating her employment because of the need to make reasonable accommodation to the impairments related to her "disability", Defendant violated the ADAA.

## COUNT IV
## (Section 4112.___)
## (Disability Discrimination)

45. Plaintiff realleges paragraphs 1 through 44 of this Complaint.

46. By discriminating against Plaintiff and taking the actions alleged in paragraphs 21 to 23, Defendant violated Section 4112.02(A) of the Ohio Revised Code and is subject to this civil action.

## COUNT V
## (FMLA)

47. Plaintiff realleges paragraphs 1 through 46 of this Complaint.

48. By discriminating against Plaintiff and terminating her employment for taking leave, as alleged herein, Defendant violated the FMLA and interfered with, restrained and denied Plaintiff the exercise of her rights under the FMLA as stated therein and in the regulations of the Secretary of Labor.

WHEREFORE, Plaintiff requests judgment against Defendant in an amount to be determined at trial. Plaintiff seeks to recover in this action back pay and lost benefits, liquidated damages, reinstatement or front pay in lieu thereof, compensatory damages, punitive damages,

pre and post-judgment interest, attorneys fees and litigation costs and expenses, and all other legal, equitable and declaratory relief to which she is entitled.

Respectfully submitted,

/s/ Martin McHenry
MARTIN McHENRY (0022543)
Trial Attorney for Plaintiff
5856 Glenway Avenue
Cincinnati, OH 45238
Phone: 513-241-0441
e-mail: martinm@mmchenrylaw.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

Respectfully submitted,

_____  /s/ Martin McHenry

**MARTIN McHENRY (0022543)**
Trial Attorney for Plaintiff
5856 Glenway Avenue
Cincinnati, OH 45238
Phone: 513-241-0441
e-mail: martinm@mmchenrylaw.com